Opinion by
White, P. J.
§ 7 90. Special judge of county court; cannot be appointed by consent of parties. This case purports to have been tried in the lower court by a special judge. As to his appointment, the record recites: “ On this day came the parties to this suit, in person and by attorneys, both plaintiff and defendant, and agree upon A. L. Crane, Esq., a practicing attorney at law, to sit as special judge in this cause, for the' reason that the acting county judge of Olay county is disqualified to try said cause, he having been of counsel in the case; and the said A. L. Crane, having taken the oath required by the laws and constitution of the state of Texas, proceeded to sit as special judge in this cause and try the same.” It may have been permissible under former laws of this state, where the regular judge of a court was disqualified, for the parties to the suit to agree upon a special judge to try the case, but there is no such law in force under our present constitution, with reference to the county court. The constitution authorizes the appointment of such a special judge in the district court [Const, art. V, sec. 11], but with regard to the county court the provision is: “Any cause pending in the county court, which the county judge may be disqualified to try, shall be transferred to the district court of the same county for trial; and where there exists any cause disqualifying the county judge for the trial of a cause, of which the county court has jurisdiction, the district court of such county shall have original jurisdiction of such cause.” [Const, art. V, sec. 16.] In conformity with this provision the statute provides “that, whenever a judge of the county court is disqualified to try any civil case pending in such court, it shall be his duty, on motion of any party to the cause, or of his own motion, by an order entered of record, to re *699 move such cause to the district court of his county, to be there tried.” [R. S. art. 1139.] Because the judgment was rendered without authority of law, it is reversed.
June 26, 1885.
Reversed and remanded.
[The following decisions were rendered by the commissioners of appeals, in causes referred to them by the court of appeals, and adopted by the latter court at the Austin Term, 1885, of said courts.]